COC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED

08 APR 28 PM 12: 10

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **Ruben Faraon MANRIQUEZ-Navarro,** Defendant(s) | ) | Magistrate Case No. **'08 MJ 1316** COMPLAINT FOR VIOLATION OF: Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) Transportation of Illegal Aliens |

The undersigned complainant, being duly sworn, states:

On or about **April 20, 2008,** within the Southern District of California, defendant **Ruben Faraon MANRIQUEZ-Navarro** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Antonio SERRANO-Chavez, Moises VARGAS-Flores, and Jose Antonio RODRIGUEZ-Perez** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Ismael A. Canto
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **28th** DAY OF **APRIL 2008**

Nita L. Stormes
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Ruben Faraon MANRIQUEZ-Navarro**

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Antonio SERRANO-Chavez, Moises VARGAS-Flores, and Jose RODRIGUEZ-Perez,** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On April 20, 2008, at approximately 3:00 p.m., Supervisory Border Patrol Agents D. Landers and W. Sommers were driving to work on eastbound Interstate 8, between Alpine and Descanso, California. As they traveled eastbound between East Willows Road and Highway 79, Supervisors Landers and Sommers observed a grey Mitsubishi Diamante pull alongside their van. The driver of the Mitsubishi paralleled them for a short distance and then sped off eastbound. Both Supervisors Landers and Sommers observed an individual, later identified as the defendant **Ruben Faraon MANRIQUEZ-Navarro**, driving the Mitsubishi. Supervisors Landers and Sommers noticed that the Mitsubishi had apparent modifications to the rear suspension. The rear of the Mitsubishi was raised higher than normal and as it passed over uneven portions of the roadway, the rear suspension reacted by bouncing high and excessively, as though the suspension had been raised and stiffened. Identifying this as a possible alien smuggling conveyance, Supervisors Landers and Sommers ran record checks on the Mitsubishi's license plate and notified Agents assigned to the Campo Border Patrol Station to be on the lookout for this vehicle. The Mitsubishi was registered out of Chula Vista, California.

On April 20, 2008, Border Patrol Agent R. Ayon, M. Jackson and R. Baucom were conducting traffic check operations at the permanent westbound Interstate 8 Border Patrol Immigration Checkpoint near Pine Valley, California. All agents were in full Border Patrol uniforms and the checkpoint was fully operational with all proper lights, signs and cone patterns set up.

At approximately 3:30 p.m., the grey Mitsubishi approached the primary inspection area. Agent Ayon recognized this as the vehicle they were told to be on the lookout for by Supervisor Landers. Agent Ayon directed the driver of the Mitsubishi to yield, but he sped past him and continued westbound at a high rate of speed. Agent Ayon activated the alarm and yelled for Agents Jackson and Baucom to deploy the controlled tire deflation device in the patch of the Mitsubishi, but due to its speeds, they were unable to deploy in time.

The Mitsubishi fled from the checkpoint at a high rate of speed and continued westbound on I-8 towards San Diego. Several Border Patrol Agents including Agent J. Daniels departed the checkpoint in marked Border Patrol pursuit sedans behind the Mitsubishi in an attempt to overtake it and perform a vehicle stop. The Mitsubishi had already proceeded out of sight and agents were unable to overtake it.

California Highway Patrol Officer S. Turner was monitoring traffic on westbound I-8 in a marked CHP pursuit sedan near Highway 79. At approximately 3:35 p.m., he observed a grey Mitsubishi pass his location at what he perceived to be in excess of 100 miles per hour. The Mitsubishi continued westbound swerving in and out of traffic which was heavy with weekend travelers at this time on this Sunday. Due to the extremely dangerous driving exhibited by the driver of the Mitsubishi, Officer Turner was unable clear traffic to immediately engage it in pursuit and it was soon out of his view. Officer Turner activated his emergency lights in an effort to clear traffic and re-acquire visual observations of the Mitsubishi, but he was unable to do so before he came upon the Mitsubishi overturned in the center median of I-8 just west of East Willows Road near Alpine, California.

**CONTINUATION OF COMPLAINT:**
**Ruben Faraon MANRIQUEZ-Navarro**

Several Agents, including Agent Daniels arrived on scene soon after the rollover. While the other agents assisted CHP Officer Turner rendering first aid to the four injured passengers, Agent Daniels began to track the suspected driver having been directed to his path of flight by concerned citizens. Agent Daniels tracked the defendant northwest from the rollover and came upon a shed near a residence. The occupant of the residence informed Agent Daniels that someone had attempted to hide in the shed, but the resident said that she had chased him off. Agent Daniels continued to track the defendant and soon came upon him attempting to conceal himself. The defendant was found to have a compound fracture to his left leg and his right forearm was bleeding badly. Emergency services were requested. Agents assigned to the Smuggling Interdiction Group (SIG) were directed to investigate the incident as a suspected alien smuggling event, Supervisory Border Patrol Agent M. Hansen responded.

At the scene of the rollover four subjects were encountered, three of whom had been within the Mitsubishi's trunk. Two of these subjects sustained serious injuries, all of the subjects, including the defendant required transportation to nearby hospitals for further medical treatment. Agent Hansen responded to the hospital and photographed all five of the subjects encountered in this event. Agent Hansen presented Supervisors Landers and Sommers with a copy of each photograph via e-mail. Both positively identified the defendant as the individual who they saw driving the Mitsubishi eastbound on I-8 within approximately 30 minutes of it's running the checkpoint. Two of the injured passengers, identified as Antonio SERRANO-Chavez and Moises VARGAS-Flores were released from the hospital on the evening of April 20th. SIG Senior Patrol Agent J. Petras was present upon their release. Agent Petras identified himself as a United States Border Patrol Agent and conducted an immigration inspection. Both admitted to being citizens and nationals of Mexico illegally present in the United States. Both were placed under arrest and transported to the El Cajon Border Patrol Station for processing and interviewing. The defendant went into surgery the evening of the crash and was heavily sedated. The defendant has had subsequent surgeries and skin grafts since the day of the accident to repair the extensive damage to his left leg.

On April 26, 2008, Agent Hansen identified himself as a Border Patrol Agent and questioned the defendant at the hospital he was being treated in regards to the accident. The defendant admitted to picking up illegal aliens and fleeing the westbound Interstate 8 Border Patrol Immigration Checkpoint near Pine Valley, California. At approximately 12:50 p.m., Agent Hansen placed the defendant under arrest.

**DEFENDANT STATEMENT:**

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant stated that he was going to pick up three individuals but there were four, so the foot guide placed three individuals in the trunk. The defendant stated that he was going to transport the individuals to San Diego, California and that he was to be paid $1,200.00 for transporting the aliens. The defendant stated that when he approached the checkpoint he knew that he was supposed to stop but decided not to.

**CONTINUATION OF COMPLAINT:**
**Ruben Faraon MANRIQUEZ-Navarro**

**MATERIAL WITNESSES STATEMENTS:**

Material witnesses **Antonio SERRANO-Chavez, Moises VARGAS-Flores, and Jose Antonio RODRIGUEZ-Perez** agree that they are citizens and nationals of Mexico illegally present in the United States. They admit to entering the United States illegally with the help of a foot-guide. The material witnesses were paying an average of $2,300.00 (US) to be smuggled into the United States. VARGAS, who rode in the front of the vehicle, identified the defendant as the driver from a six-pack photo lineup. SERRANO and RODRIGUEZ identified all individuals in this event as having crossed with them except the defendant. They were never afforded an opportunity to view the driver as they were transported in the trunk.

**Executed on April 27, 2008, at 9:00 a.m.**

Carlos R. Chavez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of **3** page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **April 20, 2008,** in violation of Title **8**, United States Code, Section **1324**.

Nita L. Stormes
United States Magistrate Judge

4-27-08 @ 11:35 AM
Date/Time